IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DOMINIQUE S. DEBOSE, | § | |
| TDCJ No. 1531401, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 7:12-CV-021-O |
| | § | |
| JOSE CASTRO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

        Came on to be considered Defendants Harris and Vondra's Motion for Summary Judgment,

Plaintiff's responses thereto, and Defendants' reply. *See* ECF Nos. 102-05, 111, 135, 137. Upon

review of the pleadings, records, and evidence submitted, the Court finds and orders as follows:

        This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate who, at the time of the

events underlying his complaint, was confined in the Allred Unit of the Texas Department of

Criminal Justice in Iowa Park, Texas. Plaintiff claims that, on March 22, 2010, while restrained in

handcuffs, he was maliciously and sadistically beaten by three prison guards, Defendants Castro,

Brashear, and Moulton. *See* Second Amended Complaint, ECF No. 49 at 4-5. He further claims that

Defendant Castro denied him medical care for injuries suffered during the assault. *See id.* at 5.

Plaintiff alleges that Defendant Harris "condoned the (wanton) acts against [him]." And he seeks

redress against Defendant Vondra, an assistant warden, because he allegedly "failed to follow rules

and procedures [and because he is] legally responsible for the operation of the J.V. Allred Unit, and

[for the] welfare of offenders [confined in the] Allred Unit." *See id.* at 3.

Defendant Vondra seeks summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies prior to file suit and because Vondra had no personal involvement in the use of force against Plaintiff. *See* Brief in Support of Defendants' Motion for Summary Judgment, ECF No. 103 at 2.

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), provides:

> No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even where an inmate seeks monetary damages, which may not be available through prison grievance proceedings, exhaustion is a prerequisite to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). When a prisoner fails to exhaust his administrative remedies without any valid excuse, a court may enter judgment as a matter of law. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998).

The Texas Department of Criminal Justice ("TDCJ") provides a formal two-step procedure under which inmates must present their grievances in order to exhaust administrative remedies. *Id.* at 890-91. Step 1 requires the prisoner to submit an administrative grievance at the institutional level. *Id.* After an investigation, the unit grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 1 of the process, which may be the warden,

facility administrator or health administrator. *Id.* Step 2 permits the prisoner to submit an appeal to the division grievance investigator with the Correctional Institutions Division of the TDCJ. *Id.* After an investigation, the department grievance investigator prepares a report and makes a recommendation to the final decision maker for Step 2 of the process, which is the director, deputy director, regional director, or assistant director. *Id.*

The Fifth Circuit Court of Appeals has adopted a strict approach to the exhaustion requirement. *See Ferrington v. La. Dep't of Corrections*, 315 F.3d 529, 532 (5th Cir. 2002) (finding that blindness did not excuse the plaintiff from exhausting administrative remedies); *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir. 2001) (affirming dismissal for failure to exhaust because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal"); *Parker v. Adjetey*, No. 03-40787, 2004 WL 330866 *1 (5th Cir. Feb. 20, 2004) (rejecting a claim of exhaustion based on an inmate's coma because, after he recovered, he made no attempt to file a grievance). Prison grievances are considered sufficient and administrative remedies are deemed exhausted where the grievances submitted give prison officials a fair opportunity to address a problem that will later form the basis of a lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004).

Review of the grievances filed by Plaintiff regarding the incidents underlying this lawsuit reflect that Plaintiff did not identify Defendant Vondra in either his Step 1 or his Step 2 grievance. Moreover, Plaintiff failed to describe the alleged conduct of any prison official that could have been attributed to Defendant Vondra. *See* Defendants' Summary Judgment Exhibit A, ECF No. 104-1 at 3-6. In his second amended complaint, Plaintiff alleges that Vondra failed to follow prison rules and procedures and that, as an assistant warden, Vondra is responsible for the welfare of the inmates.

*See* Second Amended Comp., ECF No. 49 at 3. Plaintiff presented no such claims in either of his grievances. *See* Defendants' Summary Judgment Exhibit A, ECF No. 104-1 at 3-6.

The summary judgment evidence reflects that Defendant Vondra was the prison official who responded to Plaintiff's Step 1 grievance. *See id.* at 5. To the extent that Plaintiff seeks redress against Vondra for responding to his grievance, he cannot prevail. A prison official may not be held liable for a civil rights violation merely for handling a grievance in a manner considered unsatisfactory by an inmate. *See Green v. Hendrick Medical Center*, 251 F.3d 157, 2001 WL 300844 (5th Cir. 2001); *Ordaz v. Lynaugh*, 20 F.3d 1171, 1994 WL 144882 (5th Cir. 1994).

To the extent that Plaintiff seeks redress against Vondra because of his supervisory position, he cannot prevail. Vondra cannot be held responsible for the alleged acts or omissions of his subordinates as there is no *respondeat superior* liability under §1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Thompson v. Upshur County, TX*, 245 F.3d 447, 459 (5th Cir. 2001); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). To hold Defendant Vondra responsible for a civil rights violation, Plaintiff must show that Vondra was either personally involved in the alleged constitutional deprivation or, in the alternative, that his gross negligence caused the injury. *Bigford v. Taylor*, 834 F.2d at 1220. Plaintiff has failed to demonstrate a colorable claim against Vondra under either alternative.

In his supplemental response to Defendant's motion for summary judgment, Plaintiff states that Vondra may be held liable under the Civil Rights Act if there is a causal connection between his failure to train or supervise the officers involved and the violation at issue, and such failure on the part of Vondra constituted deliberate indifference to Plaintiff's rights. *See* Plaintiff's

-4-

Supplemental Response, ECF No. 135 at 3. Plaintiff has failed to allege facts or submit any summary judgment evidence to support a failure-to-train or failure-to-supervise claim. Review of the record reflects that this is the first instance in which Plaintiff has presented these allegations. Plaintiff may not rely on claims raised for the first time in a response to a motion for summary judgment. Such claims are not properly before the Court. *See Jefferson v. Christus St. Joseph Hosp.*, 374 Fed. App'x 485, 492 (5th Cir. 2010) (citing *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden in a motion for summary judgment." *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

Next, Plaintiff alleges that Defendant Harris "condoned the (wanton) acts against [him]." *See* Second Amended Comp., ECF No. 49 at 4. Specifically, Plaintiff alleges that, after the initial assault by Defendants Castro, Brashear, and Moulton, Captain Harris "walked up and yelled ... shut your faggot ass up." *See id.* at 5. Plaintiff alleges that he was then taken back to his cell by Castro and Brashear where he was once again attacked by Castro, Brashear, and Moulton. *See id.* There are no further allegations against Defendant Harris in Plaintiff's second amended complaint. Defendant Harris seeks summary judgment on the basis that there is no allegation that he participated, witnessed, or was aware of the alleged use of excessive force. *See* Defendants' Brief in Support of Motion for Summary Judgment, ECF No. 103 at 10-11.

In his response to Defendant's motion for summary judgment, Plaintiff alleges that Harris witnessed the assault, "failed to follow the proper procedures, and assisted in attempting to unreport (sic) the incident." *See* Plaintiff's Response to Defendants' Motion for Summary Judgment, ECF No.

-5-

105 at 2. Plaintiff further alleges that Harris "condoned [the assault], yelled homophobic obscenities at the Plaintiff and then denied the Plaintiff medical care he needed and should have gotten due to the use of force." *See id.* at 3. In his supplemental response to Defendant's motion for summary judgment, Plaintiff argues that he in fact did allege in his complaint that Defendant Harris witnessed the use of force and failed to make any attempt to stop the use of excessive force. *See* Plaintiff's Supplemental Response to Defendants' Motion for Summary Judgment, ECF No. 135 at 3-4.

Plaintiff cannot prevail on his claims that Harris denied him medical care and that Harris failed to intervene and stop the attack by Defendants Castro, Brashear, and Moulton. These allegations are raised for the first time in Plaintiff's two responses to Defendants' motion for summary judgment. As such, they are not properly before the Court. *See Jefferson*, 374 Fed. App'x at 492.

Defendants Vondra and Harris have asserted the defense of qualified immunity. Government officials are entitled to qualified immunity from suit when performing discretionary functions unless their conduct violated statutory or constitutional rights, clearly established at the time of the alleged incident, of which a reasonable person would have known. *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995). "Qualified immunity is a defense from both liability and suit." *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998) (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). The question of qualified immunity should be resolved at the earliest possible stage of litigation. *Hunter v. Bryant*, 502 U.S. 224, 226 (1991); accord *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

The first step in evaluating a government official's entitlement to a defense of qualified immunity is to determine both what the current applicable law is and whether it was clearly established at the time of the events giving rise to the lawsuit. *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). If the plaintiff has stated a violation of a constitutional right that was clearly established at the time, the Court should then determine whether a reasonable official would have understood that his or her conduct violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The law relating an inmate's right to be free from excessive force was well established at the time of the events giving rise to this lawsuit. Accordingly, the Court will look to Plaintiff's claims and the evidence relating to Defendants Harris and Vondra's conduct.

Plaintiff's complaint reflects that Harris allegedly "condoned" the use of force and yelled at Plaintiff telling him to "shut [his] faggot ass up." Plaintiff does not claim that Harris was involved in the use of force or otherwise violated his civil rights. His claim that Harris condoned the use of force is conclusory in nature an unsupported by any factual allegations. Plaintiff has failed to plead facts sufficient to overcome Harris's entitlement to qualified immunity.

The summary judgment evidence reflects that, upon reviewing Plaintiff's Step 1 grievance, Defendant Vondra informed Plaintiff that an investigation into Plaintiff's claims had been initiated, that the unit classification committee had recommended a housing change for Plaintiff, and that a case had been opened by the Office of the Inspector General. *See* Defendants' Summary Judgment Exhibit A, ECF No. 104-1 at 6. Such action on the part of Vondra constitutes reasonable conduct under the circumstances.

The Court finds that, base upon the pleadings and evidence before this Court, the conduct of Defendants Harris and Vondra was objectively reasonable under the circumstances. Accordingly, these Defendants are entitled to qualified immunity from suit.

Summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law provides that an issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). However, once the movant has carried his burden of proof, the nonmovant may not sit idly by and wait for trial. *Page v. DeLaune*, 837 F.2d 233, 239 (5th Cir. 1988).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden,"

-8-

*Douglass*, 79 F.3d at 1429, as "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. The movant's motion for summary judgment will be granted if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

The summary judgment evidence presented in this case establishes that there are no genuine issues of material fact and that Defendants Harris and Vondra are entitled to summary judgment as a matter of law.

For the foregoing reasons and in light of the summary judgment evidence submitted, Defendants Harris and Vondra's Motion for Summary Judgment is GRANTED.

It is ORDERED that Plaintiff's claims against Defendants Harris and Vondra are DISMISSED.

SO ORDERED this 5th day of January, 2015.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

-10-